UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CANATELO, LLC** <br><br> Plaintiff, <br><br> v. <br><br> **SAMSUNG TECHWIN CO., LTD.** AND **SAMSUNG OPTO-ELECTRONICS AMERICA, INC.** <br><br> Defendants. | **CIVIL NUM:** <br><br><br> **PLAINTIFF REQUESTS TRIAL BY JURY** <br><br> **PATENT INFRINGEMENT** |

**COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE COURT:

COMES NOW, Canatelo, LLC ("Canatelo"), by and through its undersigned counsel, for its Complaint against Samsung Techwin Co., Ltd. ("Samsung Techwin") and Samsung Opto-Electronics America, Inc. ("Samsung Techwin America") (collectively, "Defendants"), respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") to prevent and enjoin Defendants from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Canatelo, from U.S. Patent No. 7,310,111 (the "'111 Patent") and U.S. Patent No. 6,476,858 (the "'858 Patent")(attached hereto as Exhibits A and B respectively)(collectively, the "Asserted Patents"), pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

1

## THE PARTIES

2. Plaintiff Canatelo is a Puerto Rico limited liability company with its principal place of business at Martinal Plaza, Aldea St. 1414, Suite 402, San Juan, Puerto Rico 00907.

3. Defendant Samsung Techwin is a company organized under the laws of Korea with its principal place of business at 250 2-ga Taepyung-ro, Jung-gu, Seoul 100-742, Korea.

4. Defendant Samsung Techwin America is a company organized under the laws of the state of New Jersey with its principal place of business at 100 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung Techwin America can be served with process through its agent, Jinwhan Ahn, 100 Challenger Road, Suite 700, Ridgefield Park, New Jersey 07660.

5. Samsung Techwin America is a subsidiary of Samsung Techwin.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§1 et seq.

7. This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as well as because of the injury to Canatelo and the cause of action Canatelo has raised, as alleged herein.

8. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Puerto Rico long-arm statute, P.R. Laws Ann. Tit 32 App. V, R. 3.1(a)(2), due to at least their substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Puerto Rico.

9. Defendants have conducted and do conduct business within Puerto Rico, directly or through intermediaries, resellers, agents, or offers for sale, sells, and/or advertises (including the use of interactive web pages with promotional material) products in Puerto Rico that infringe the Asserted Patents.

10. In addition to Defendants' continuously and systematically conducting business in Puerto Rico, the causes of action against Defendants are connected (but not limited) to Defendant's purposeful acts committed in Puerto Rico, including Defendants' making, using, importing, offering for sale, or selling products which include features that fall within the scope of at least one claim of each of the Asserted Patents.

11. At the time of the invention, all three inventors of the Asserted Patents were residing in Puerto Rico. Thus, the Asserted Patents grew out of invention and innovation that took place in Puerto Rico.

12. Moreover, Canatelo is owned by a local Puerto Rico entrepreneur, who acquired the Asserted Patents as a way to further incentivize local innovation. Thus, the current owner of the Asserted Patents has availed itself of legal rights, duties and obligations within the district.

13. Venue lies in this District under 28 U.S.C. §§1391 and 1400(a) because, among other reasons, Defendants are subject to personal jurisdiction in this District, and have committed and continue to commit acts of patent infringement in this District. For example, Defendants have used, sold, offered for sale, and/or imported infringing products in this District.

## JOINDER

14. Defendants are properly joined under 35 U.S.C. §299(a)(1) because a right to relief is asserted against the parties jointly, severally and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making,

using, importing into the United States, offering for sale, and/or selling the same accused products. Specifically, as alleged in detail below, Defendants are alleged to infringe the Asserted Patents with respect to the same specialized video security and surveillance systems products including, but not limited to, the "SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera".

15. Defendants are properly joined under 35 U.S.C. §299(a)(2). Questions of fact will arise that are common to all defendants, including for example, whether Defendants' products have features that meet the features of one or more claims of the Asserted Patents, and what reasonable royalty will be adequate to compensate the owner of the Asserted Patents for its infringement.

16. Defendants use, make, sell, offer for sale and/or import products that infringe on the Asserted Patents.

17. At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling of the same accused product and/or process.

## FACTUAL ALLEGATIONS

### The '111 Patent

18. On December 18, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '111 Patent, entitled "Video monitoring and security system" after a full and fair examination.

19. Canatelo is presently the owner by assignment of the '111 Patent, having received all right, title, and interest in and to the '111 Patent from the previous assignee of record.

Canatelo possesses all rights of recovery under the '111 Patent, including the exclusive right to recover for past infringement.

20. The '111 Patent is valid and enforceable.

21. The '111 Patent contains four independent claims and nine dependent claims.

22. The invention described in the '111 Patent includes a method of operating a video surveillance system.

23. The method of operating a video surveillance system includes the steps of detecting motion in a video signal; compressing a portion of the video signal that includes the detected motion; and transmitting the compressed portion of the video signal that includes the detected motion as part of an e-mail, only after the step of detecting motion.

24. The method also includes the steps of accepting a user-defined mask having active and inactive cells, wherein any motion that occurs in the inactive cells remain undetected; and transmitting an alarm message independent from the e-mail but approximately simultaneous to the transmission of said email.

*Defendants' Infringement of the '111 Patent*

25. Defendants' products, including but not limited to the "SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera", (the "Infringing Products") perform the method of operating a video surveillance system.

26. The method of operating a video surveillance system performed by the Infringing Products includes the step of detecting motion in a video signal. For example, the "SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera", one of Defendants' Infringing Products, allows users to detect events of motion.

27. The method of operating a video surveillance system performed by the Infringing Products includes the step of compressing a portion of said video signal. For example, the "SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera", performs the step of signal compression by encoding video signals into MJPEG format.

28. The method of operating a video surveillance system performed by the Infringing Products includes the step of transmitting the compressed portion of the video signal that includes the detected motion as part of an e-mail, only after the step of detecting motion. The Infringing Products, including but not limited to the "SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera", send an e-mail in order to transmit an image taken by the camera when a motion event occurs.

29. The method of operating a video surveillance system performed by the Infringing Products includes the step of accepting a user-defined mask having active and inactive cells, wherein any motion that occurs in the inactive cells remains undetected. For example, the "SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera", allows users to specify an area on the screen to include or exclude the area to/from detection. Users can set the entire screen as excluded from detection and add specified areas as a motion detection area. Conversely, users can set the entire screen as a motion detection area and exclude specified areas as not to be detected.

30. The method of operating a video surveillance system performed by the Infringing Products includes the step of transmitting an alarm message separate from the e-mail approximately simultaneous to the transmission of the e-mail. For example, the "SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera", includes an alarm feature that will send a notification message by at least file transfer protocol (FTP), which is separate from and in

addition to the e-mail, upon detection of a moving object. In addition, users specify the FTP path where they will transfer the alarm or event image.

## The '858 Patent

31. On November 11, 2002, the USPTO duly and legally issued the '858 Patent, entitled "Video Monitoring and Security System" after a full and fair examination.

32. Canatelo is presently the owner by assignment of the '858 Patent, having received all right, title and interest in and to the '858 Patent from the previous assignee of record. Canatelo possesses all rights of recovery under the '858 Patent, including the exclusive right to recover for past infringement.

33. The '858 Patent is valid and enforceable.

34. The '858 Patent contains three independent claims and thirty four dependent claims.

35. The invention described in the '858 Patent includes a video monitoring system especially suitable to monitor the security of a facility against an intrusion.

36. The video monitoring system includes at least one video camera that generates a video signal.

37. In addition, the video monitoring system includes a computer operationally coupled with the at least one video camera and configured to receive the video signal, wherein the video signal includes a plurality of frames each having a plurality of cells.

38. The computer described in the '858 Patent is configured to perform the following functions: detect motion as between a first and a second frame of the video signal by comparing a plurality of the cells of the first frame to a plurality of the cells of the second frame, wherein the plurality of cells of the first and second frames exclude a user-defined insensitive area, which

is completely surrounded by an active area containing the plurality of the cells of the first and second frames; automatically transmit an electronic message upon detection of the motion wherein the electronic message includes a recorded and compressed copy of the video signal beginning approximately coincident with the detection of motion; and automatically transmit an alarm message separate from the electronic message that alerts a user of the electronic message.

*Defendants' Infringement of the '858 Patent*

39. Defendants' Infringing Products include a video monitoring system especially suitable to monitor the security of a facility against an intrusion.

40. Defendants' video monitoring system includes at least one video camera that generates a video signal. The defendant's product "SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera" is an example of a system that has a video camera that generates a video signal.

41. Defendants' video monitoring system includes a computer operationally coupled with the at least one video camera and configured to receive the video signal, wherein the video signal includes a plurality of frames each having a plurality of cells. The Defendant's video monitoring system product, the "SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera", is an example of a system that has a computer operationally coupled with a video camera that performs the function of a camera coupled with a computer, including but not limited to image processing and data network connectivity.

42. Defendants' video monitoring system includes a computer configured to perform the function of detecting motion as between a first and a second frame of the video signal by comparing a plurality of the cells of the first frame to a plurality of the cells of the second frame, wherein the plurality of cells of the first and second frames exclude a user-defined insensitive area, which is completely surrounded by an active area containing the plurality of the cells of the

first and second frames. For example, the "SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera", allows users to specify an area on the screen to include or exclude the area to/from detection. Users can set the entire screen as excluded from detection and add specified areas as a motion detection area. Conversely, users can set the entire screen as a motion detection area and exclude specified areas as excluded from detection.

43. Defendants' video monitoring system includes a computer configured to perform the function of automatically transmitting an electronic message upon detection of the motion wherein the electronic message includes a recorded and compressed copy of the video signal beginning approximately coincident with the detection of motion. For example, the "SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera", allows users to send an e-mail in order to transmit an image taken by the camera when a motion event occurs.

44. Defendants' video monitoring system includes a computer configured to perform the function of automatically transmitting an alarm message separate from the electronic message that alerts a user of the electronic message. For example, the "SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera", includes an alarm feature that will send a notification message by at least FTP, which is separate from and in addition to the e-mail, upon detection of a moving object. In addition, users specify the FTP path where they will transfer the alarm or event image.

<u>COUNT I: DIRECT INFRINGEMENT OF THE ASSERTED PATENTS</u>

45. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-44.

46. Taken together, either partially or entirely, the features included in the Infringing Products, including but not limited to the SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera, perform the process recited in one or more of the Claims of the '111 Patent.

47. Taken together, either partially or entirely, the features included in the Infringing Products, including but not limited to the SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera, use the system described in one or more of the Claims of the '858 Patent.

48. Defendants directly infringe one or more of claims of each of the Asserted Patents by making, using, selling, offering to sell and/or importing the method and the system for video monitoring and security system in violation of 35 USC 271(a).

## COUNT II: INDUCING INFRINGEMENT OF THE ASSERTED PATENTS

49. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-48.

50. Defendants have had knowledge of infringement of the Asserted Patents at least as of the service of this complaint.

*Inducing Infringement of The '111 Patent*

51. Furthermore, Defendants have had knowledge of the '111 Patent since public records show that the '111 Patent has been cited as "Prior Art" by at least two patents issued by the United States Patent and Trademark Office in the past six years.

52. Defendants indirectly infringe one or more claims of the '111 Patent by actively inducing the infringement of their respective customers, buyers, users, subscribers and licensees who directly infringe by performing the patented process in violation of 35 USC § 271(b).

53. Defendants actively induce others, such as their customers, users, subscribers, and/or licensees, to use the Infringing Products, which perform every step of the process recited

in one or more claims of the '111 Patent. For example, the SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera User Manual instructs customers to install, setup, and use the SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera.

*Inducing Infringement of the '858 Patent*

54. Defendants also have had knowledge of the '858 Patent since public records show that the '858 Patent has been cited as "Prior Art" by at least ninety patents issued by the United States Patent and Trademark Office in the past ten years.

55. Defendants indirectly infringe one or more claims of the '858 Patent by actively inducing the infringement of their respective customers, buyers, users, subscribers and licensees who directly infringe by performing the patented process in violation of 35 USC § 271(b).

56. Defendants actively induce others, such as their customers, users, subscribers, and/or licensees to use the Infringing Products, which contain all the features recited in one or more claims of the '858 Patent For example, the SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera User Manual instructs customers to install, setup, and use the SAMSUNG SNB-7002 3 Mega pixel Full HD Network Camera.

### COUNT III: CONTRIBUTORY INFRINGEMENT OF THE ASSERTED PATENTS

57. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-56.

*Contributory Infringement of the '111 Patent*

58. With knowledge of the patents in suit, Defendants indirectly infringe the '111 Patent by contributing to the direct infringement of a class of actors which includes the end-users of the Infringing Products, as well as customers, users, subscribers and/or licensees, by selling, offering for sale, and otherwise encouraging the class of actors to use the Infringing Products

which perform all the steps of the patented method as described in one or more claims of the '111 Patent, aware of the fact that such acts amount to infringement of one or more claims of the '111 Patent and with the specific intent to contribute to the infringement.

59.   The Infringing Products include components for use in practicing a patented process covered by one or more of the claims of the '111 Patent, constitute a material part of the invention, and are not a staple article or commodity of commerce suitable for non-infringing use.

60.   Defendants have known that the Infringing Products are especially made or especially adapted for use in infringement of the '111 Patent at least as of service of the present complaint.

61.   In sum, Defendants contribute to the infringement of one or more of the claims of the '111 Patent in violation of 35 U.S.C. 271(c).

*Contributory Infringement of the '858 Patent*

62.   With knowledge of the patents in suit, Defendants indirectly infringe the '858 Patent by contributing to the direct infringement of a class of actors which includes the end-users of the Infringing Products, as well as customers, users, subscribers and/or licensees, by selling, offering for sale, and otherwise encouraging the class of actors to use the Infringing Products which contain all the features of the patented system as described in one or more claims of the '858 Patent, aware of the fact that such acts amount to infringement of one or more claims of the '858 Patent and with the specific intent to contribute to the infringement.

63.   The Infringing Products include components of a patented device covered by one or more of the Claims of the '858 Patent, constitute a material part of the invention, and are not a staple article or commodity of commerce.

64. Defendants have known that the Infringing Products are especially made and especially adapted for use in infringement of the '858 Patent at least as of service of the present complaint.

65. Defendants contribute to the infringement of one or more of the Claims of the '858 Patent in violation of 35 U.S.C. 271(c).

## DEMAND FOR JURY TRIAL

66. Canatelo demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Canatelo prays for the following relief:

1. That Defendants be adjudged to have infringed the Asserted Patents, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

2. That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the Asserted Patents;

3. An award of damages pursuant to 35 U.S.C. 284 sufficient to compensate Canatelo for Defendants' past infringement and any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. 284;

5. That Defendants be directed to pay enhanced damages, including Canatelo's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. 285; and

6. That Canatelo have such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 5th day of February, 2013.

*/s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel: 787-766-7000
Fax: 787-766-7001
Email: etorres@ferraiuoli.com